IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 5:05CR50030-001 |
| | ) | |
| ARWAH J. JABER | ) | |

### UNITED STATES' MOTION *IN LIMINE* REQUESTING THE COURT TO TAKE JUDICIAL NOTICE OF FOREIGN TERRORIST ORGANIZATION DESIGNATION

The United States of America, by and through Robert C. Balfe, United States Attorney for the Western District of Arkansas, respectfully submits this motion *in limine* requesting the Court to take judicial notice of a certain terrorist designation issued by the Departments of State and Treasury, as published in the Federal Register. In support thereof, the government states as follows:

Pursuant to Title 8, United States Code, Section 1189 (Immigration and Nationality Act), the Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General, may designate an organization as a foreign terrorist organization. The designation lasts for a period of two years. At the end of the two-year period, the designation may be renewed for an additional two years. The designations and renewals are published in the Federal Register.

In this case, Count One of the Superseding Indictment charges Arwah Jaber with attempting to provide material support to a designated foreign terrorist organization, the Palestinian Islamic Jihad ("PIJ"). Thus, the designation of that organization as a foreign terrorist organization is relevant in the instant case. As set forth below, because the designation and renewals are relevant to the charges in the case, and the designation and renewals have been properly published in the

Federal Register, legal precedent indicates that the Court "shall" take judicial notice of them for purposes of this trial.

## I. The Law

Title 44, United States Code, Section 1507, establishes that publication in the Federal Register of a document creates a rebuttable presumption of the validity of that document. See Shafer v. United States, 229 F.2d 124 (4th Cir. 1956). Moreover, 44 U.S.C. § 1507 directs that "the contents of the Federal Register shall be judicially noticed. . .". This provision has been recognized and applied repeatedly by the federal courts. Crimm v. Missouri Pacific RR Co., 750 F.2d 703, 710 (8th Cir. 1984) (taking judicial notice of an EEOC regulation published in the Code of Federal Regulations); Denius v. Dunlap, 330 F.3d 919, 926 (7th Cir. 2003) (taking judicial notice of federal regulations regarding maintenance of medical records for military personnel); Biodiversity Legal Foundation v. Badgley, 309 F.3d 1166, 1179 (9th Cir. 2002) (considering petitions, not contained in the record, but published in the Federal Register because "federal courts are required to take judicial notice of the Federal Register"); United States v. Harrison, 651 F.2d 353, 355 (5th Cir. 1981) (taking judicial notice of federal schedule of controlled substances set forth in Code of Federal Regulations in criminal case alleging distribution of controlled substances); Florida Power & Light Co. v. Costle, 650 F.2d 579, 589 (5th Cir. 1981) ("This court will take notice . . . of EPA's publication in the Federal Register . . . of regulations . . .").

Pursuant to Title 8, United States Code, Section 1189 (Immigration and Nationality Act), the Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General, may designate an organization as a foreign terrorist organization if the Secretary finds that:

    a)    the organization is a foreign organization;

  b)  the organization engages in terrorist activity. . . or retains the capability and intent to engage in terrorist activity or terrorism; and

  c)  the terrorist activity or terrorism of the organization threatens the security of United States nationals or the national security of the United States.

This statute also provides that the Secretary "shall publish the designation in the Federal Register." This designation takes effect, for purposes of 18 U.S.C. § 2339B, upon publication in the Federal Register. Id. This designation is effective for a period of two years. 8 U.S.C. § 1189 (a)(4)(A).

This statute further provides that with respect to an effective designation, a defendant in a criminal action or an alien in a removal proceeding shall not be permitted to raise any questions concerning the validity of the issuance of such designation or redesignation as a defense or an objection at any trial or hearing. 8 U.S.C. § 1189 (a)(8).

Pursuant to this statute, the Department of State designated the PIJ as an FTO, effective October 8, 1997. That designation describes the PIJ as follows:

> Palestine Islamic Jihad-Shiqaqi Faction, also known as PIJ-Shiqaqi Faction, also known as PIJ, also known as Islamic Jihad in Palestine, also known as Islamic Jihad of Palestine, also known as Abu Ghunaym Squad of the Hizballah Bayt al-Maqdis.[1]

62 Fed. Reg. 52650 (October 8, 1997). This designation is attached as Exhibit A. The PIJ has been re-designated as an FTO every two years hence. See, 62 Fed. Reg 52650 (1997); 64 Fed. Reg. 55,112 (1999); 66 Fed. Reg. 51,088 (2001); 68 Fed. Reg. 56,860 (2003). Thus, the PIJ was a designated foreign terrorist organization during the time period alleged in the Superseding Indictment.

---

[1] As is made clear in subsequent renewals in the Federal Register and attached as part of Exhibit A, Palestinian Islamic Jihad - Shiqaqi Faction and the Palestinian Islamic Jihad are one and the same.

Moreover, the designation of the PIJ is relevant to the issues raised in this case, as required by Federal Rule of Evidence 401.  Count One of the Superseding Indictment charges Arwah Jaber with attempting to provide material support to a designated foreign terrorist organization (the PIJ) in violation of 18 U.S.C. § 2339B.  Thus, for Count One of the Superseding Indictment, the government must submit proof of the designation in order to establish the elements of the charged crime.

## II.  Conclusion

In light of the foregoing, the United States respectfully requests that the Court take judicial notice of the designation of the PIJ as a foreign terrorist organization, as published in the Federal Register and attached as Exhibit A.

    Respectfully submitted,

    ROBERT C. BALFE
    UNITED STATES ATTORNEY

By: */s/ Wendy L. Johnson*
    Wendy L. Johnson
    Assistant U.S. Attorney
    Arkansas Bar No. 94067
    P.O. Box 1524
    Fort Smith, AR   72902-1524
    (479) 783-5125
    E-mail:  wendy.l.johnson@usdoj.gov

## CERTIFICATE OF SERVICE

I, Wendy L. Johnson, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on June 5, 2006, with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Patrick J. Benca
Attorney at Law

John Wesley Hall
Attorney at Law

/s/ *Wendy L. Johnson*
Wendy L. Johnson